# EXHIBIT 2

## WEIL, GOTSHAL & MANGES LLP

767 FIFTH AVENUE • NEW YORK, NY 10153-0119

(212) 310-8000

FAX: (212) 310-8007

AUSTIN
BOSTON
BRUSSELS
BUDAPEST
DALLAS
FRANKFURT
HOUSTON
LONDON
MIAMI
MUNICH
PARIS
PRAGUE
SHANGHAI
SILICON VALLEY
SINGAPORE
WARSAW
WASHINGTON, D.C.

JAMES F. LERNER
COUNSEL
DIRECT LINE 212 310 8612
james.lerner@weil.com

November 15, 2006

Maribeth Petrizzi, Esq.
Chief, Litigation II Section
U.S. Department of Justice
Antitrust Division
1401 H St. N.W., Suite 3000
Washington, D.C. 20530

Re: Comments of ThyssenKrupp A.G. Regarding The Proposed Final Judgment In *United States v. Mittal Steel Company N.V.* (Civil Case No. 1:06-CV01360-ESH)

Dear Ms. Petrizzi:

Pursuant to the Section 2(b) of the Antitrust Procedures and Penalties Act, 15 U.S.C. §16, ThyssenKrupp A.G. hereby submits comments on the Proposed Final Judgment in the above-referenced matter.

Sincerely,

James F. Lerner

Encl.

## COMMENTS OF THYSSENKRUPP A.G. REGARDING THE PROPOSED FINAL JUDGMENT IN UNITED STATES V. MITTAL STEEL COMPANY N.V. (Civil Case No. 1:06-CV01360-ESH)

Pursuant to Section 2(b) of the Antitrust Procedures and Penalties Act, 15 U.S.C. §16, ThyssenKrupp A.G. ("ThyssenKrupp") hereby files these comments demonstrating that the remedies proposed as alternatives to the divestiture of Dofasco Inc. ("Dofasco") to ThyssenKrupp, set forth in the Proposed Final Judgment intended to resolve the Complaint filed by the United States to prevent the acquisition by Mittal Steel Company N.V. ("Mittal") of Arcelor, S.A. ("Arcelor"), do not adequately replace the competition lost in the Tin Mill Products market from the elimination of Dofasco as a significant competitor to Mittal.[1] Because the remedies proposed as alternatives to the divestiture of Dofasco do not address adequately the harm alleged by the Department of Justice ("DOJ") in the Complaint, entry of the Proposed Final Judgment is not in the public interest.

### Divestiture of Mittal's Sparrows Point Business or Mittal's Weirton Business Will Not Preserve Competition in the Market for Tin Mill Products in the Eastern United States

As set forth in the DOJ's August 1, 2006 Complaint, "Mittal Steel's proposed acquisition of Arcelor would eliminate Arcelor, including its subsidiary Dofasco, as an independent competitor in the sale of Tin Mill Products in the Eastern United States, further consolidating an already highly concentrated market. . . . The acquisition would remove current constraints on coordination and increase the incentives of the two largest firms to coordinate their behavior. The acquisition would thus

---

[1] Although Mittal and Arcelor are now known as Arcelor Mittal, we refer to each by their pre-merger names in these comments to avoid confusion, unless otherwise indicated.

substantially increase the likelihood of coordination and would likely lead to higher prices, lower quality, less innovation, and less favorable delivery terms in the Tin Mill Products market in the Eastern United States."[2] Complaint, at ¶¶ 4, 5.

The Proposed Final Judgment and Competitive Impact Statement both make clear that the divestiture of Dofasco to ThyssenKrupp is the preferred remedy for the competitive harm alleged to arise from Mittal's acquisition of Arcelor. Mittal is ordered to use its best efforts to divest the Dofasco Business as expeditiously as possible, Proposed Final Judgment, IV.A, and only in the event that Mittal is unable to accomplish the divestiture of Dofasco is Mittal then required to divest either the Sparrows Point or the Weirton Business (the "Selected Business"), with the decision as to which of these two alternative businesses is to be divested resting with the United States.

The Competitive Impact Statement states that the divestiture of either Dofasco or the Selected Business "is designed to enable whoever acquires such divested business to be a "viable and active competitor in the Eastern United States Tin Mill Products market," Competitive Impact Statement, at 2, and goes on to assert that whether the Dofasco Business or a Selected Business is divested, "the preserved competitor would have modern and efficient facilities located close enough to customers in the Eastern United States to compete effectively." Competitive Impact Statement, at 11. Despite this assertion, it is ThyssenKrupp's assessment that neither Sparrows Point nor Weirton has

---

[2] As defined in the Proposed Final Judgment, "Tin Mill Products" means collectively black plate, *i.e.*, light-gauge cold-rolled bare steel sheet; electrolytic tin plate, *i.e.*, black-plate electrolytically coated with tin; and tin free steel, *i.e.*, black plate electrolytically coated with chromium. Proposed Final Judgment, II.M.

2

the "modern and efficient" facilities necessary to compete in the Tin Mill Products market in a manner that adequately would replace the competition lost by Mittal's acquisition of Arcelor, including Dofasco.

ThyssenKrupp received several comments from their key US tinplate customers expressing their concerns with the alternative divestitures, stressing that divestiture of either of the US Mittal tinplate facilities would not have the same effect in addressing their competitive concerns. These customers indicated that the divestiture of Dofasco to ThyssenKrupp is highly preferred to the divestiture of either of the Mittal facilities (i.e., Sparrows Point or Weirton) and is the most pro-competitive solution.

In line with its customers, it is ThyssenKrupp's firm conviction that only direct access to an integrated network ensuring strong R&D support, and close coordination across a full-fledged and reliable steel production chain (including state-of-the art metallurgy – blast furnaces, melt shops, continuous casting – hot and cold rolling, annealing and coating) will enable a tinplate producer to compete effectively and to meet the increasing demands of its customers in regard to Tin Mill Products with thinner gauges and higher surface quality.

In terms of virtually all of the process steps and critical success factors for the successful production of tin plate, both Sparrows Point and Weirton fall far short of the capabilities of Dofasco. An acquirer of either Sparrows Point or Weirton would not, without a substantial investment that would take time (and still might not yield the desired results), be able to replace immediately the Tin Mill Product competition lost by

3

allowing Mittal to retain Arcelor and Dofasco. Therefore, ThyssenKrupp will certainly not acquire Sparrows Point nor Weirton.

In contrast to this, ThyssenKrupp's acquisition of Dofasco will preserve a strong local tinplate competitor which will be able to continue to provide quality Tin Mill products and preserve meaningful competition for tinplate customers in the Eastern US.

Accordingly, entry of a Proposed Final Judgment that permits Mittal to divest either Sparrows Point or Weirton rather than requiring the divestiture of Dofasco will not adequately address the competitive concerns alleged in the DOJ's Complaint.

Dated: November 15, 2006

By: /s/ A. Paul Victor
A. Paul Victor
DEWEY BALLANTINE LLP
1301 Avenue of the Americas
New York, NY 10019

and

Steven K. Bernstein
James F. Lerner
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153

*Attorneys for ThyssenKrupp A.G.*

4