UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> *Plaintiff,* <br><br> v. <br><br> MITTAL STEEL COMPANY N.V., <br><br> *Defendant.* | Civil Action No. 1:06CV01360-ESH |

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF THE UNITED STATES TO APPOINT TRUSTEE

This Memorandum is filed in support of the Motion of the United States To Appoint Trustee in the above-captioned case. This case arises from a civil antitrust Complaint filed by the United States on August 1, 2006. The United States filed a proposed Final Judgment simultaneously with the Complaint and the Court entered the Final Judgment on May 23, 2007.

The success of the Final Judgment in remedying the competitive problems identified in the Complaint depends upon the timely divestiture of the Sparrows Point business as defined in Section II(K) of the Final Judgment (hereinafter "Sparrows Point"). Although Mittal recently signed a contract to sell Sparrows Point, Mittal will not complete the divestiture by August 6, 2007, the deadline established under the Final Judgment. The United States first must approve the contract and the prospective Acquirer, as defined in Section IV(J) of the Final Judgment, and there are numerous other conditions to the closing of the transaction. Because the complete divestiture required by the Final Judgment has not been accomplished within the time prescribed

by the Final Judgment, Court appointment of a trustee pursuant to Section V of the Final Judgment is warranted. The United States has informed defendant Mittal that it is filing this motion, which, pursuant to the terms of the Final Judgment, Mittal may not oppose. Joseph G. Krauss, a partner at Hogan & Hartson LLP, the candidate trustee selected by the United States, possesses the expertise, experience, and organization to accomplish the successful divestiture of Sparrows Point.

## I.

## INTRODUCTION

The Complaint alleges that the acquisition by Mittal of Arcelor S.A. ("Arcelor"), including its Canadian subsidiary Dofasco Inc. ("Dofasco") would violate Section 7 of the Clayton Act, 15 U.S.C. § 18, because it would substantially reduce competition among manufacturers of tin mill products in the eastern United States. The Complaint sought adjudication that the acquisition of Arcelor by Mittal would violate Section 7 of the Clayton Act and further sought permanent injunctive relief.

**A.    Final Judgment**

The Final Judgment filed with the Complaint and entered by this Court on May 23, 2007, memorializes the parties' agreement to settle the case through the divestiture of one of Mittal's three tin mills located in the eastern United States or Canada. The essence of the settlement is the prompt and certain divestiture of a tin mill to assure that competition in the manufacture, distribution and sale of tin mill products in the eastern United States is preserved. To accomplish this objective, Section IV(B) of the Final Judgment requires defendant Mittal to "use its best

efforts to divest the [Sparrows Point facility] as expeditiously as possible" to "an Acquirer or Acquirers acceptable to the United States in its sole discretion." Final Judgment ¶IV(B).

### B.  Mittal's Failure To Complete The Divesture Of Sparrows Point

Section IV(B) of the Final Judgment provided that Mittal complete the divestiture of Sparrows Point by transferring all rights, title and interest in the package of assets comprising the "Sparrows Point business" within 90 days of the date the United States selected Sparrows Point as the divestiture business. Final Judgment ¶¶ II(K), IV(B). The initial 90-day divestiture period expired on May 20, 2007. Upon Mittal's request, the United States granted Mittal three separate extensions totaling 60 days, the last of which expired on July 20, 2007. The Court, upon Mittal's unopposed motion, granted another 15-day extension of the Divestiture Period that expires on August 6, 2007.

On August 1, 2007, Mittal and Bethlehem Acquisition Co. ("Bethlehem") executed an agreement for the purchase and sale of Sparrows Point (the "Agreement"). Bethlehem is a joint venture whose members include Esmark Inc., Wheeling-Pittsburgh Steel Corporation, Industrial Union of Donbass and Companhia Vale do Rio Doce ("CVRD"). However, several events must occur before the divestiture is complete. First, the United States must determine whether Bethlehem is an acceptable Acquirer. Final Judgment ¶ IV(J). Second, the United States must determine whether the Agreement is acceptable. *Id.* Third, Sparrows Point must actually be conveyed pursuant to the Agreement. The Agreement is also subject to other approvals and conditions, including some relating to the financing of the purchase price. Mittal has informed the United States that the transaction will not close for up to 60 days from the date of signing for reasons unrelated to obtaining the required approval of the United States.

The United States is concerned that the objective of the Final Judgment, the preservation of competition, will be jeopardized if the Agreement does not proceed to closing or if the closing is unduly delayed. If the agreement fails for some reason, alternative efforts to sell Sparrows Point could be delayed even further without a trustee in place. Accordingly, it is now appropriate, pursuant to Section V(A) of the Final Judgment, to appoint a trustee selected by the United States to effect the required divestiture.

### C.    Purpose of the Trust and Appointment of the Trustee

The purpose of the trust under the Final Judgment is to divest Sparrows Point to a purchaser demonstrated to the United States's satisfaction as having the intent and capability, including the necessary managerial, operational, and financial capability, of competing effectively in the manufacture, distribution and sale of tin mill products in the eastern United States. The terms of the Final Judgment provide that, after the appointment of a trustee becomes effective, only the trustee shall have the right to sell Sparrows Point.[1] In light of the present circumstances, *i.e.*, the executed Agreement between Mittal and Bethlehem, the United States respectfully submits that it is appropriate for the Court to appoint a trustee at this time, but with explicit instructions that the trustee may fully discharge his responsibilities by seeking approval of Bethlehem and the Agreement pursuant to Sections IV(B) and IV(J) of Final Judgment, and if such approval is obtained, completing the divestiture pursuant to that agreement. Such a course would appear to offer the greatest likelihood of an expeditious completion of the divestiture

---

[1] The Final Judgment further provides that the trustee shall have the power and authority to accomplish the divestitures at the best price then obtainable upon a reasonable effort. Further, to assist in the divestitures, the trustee shall have the power and authority to hire, at the cost and expense of Mittal, any investment bankers, attorneys, or other agents reasonably necessary in the judgment of the trustee.

4

process, and the trustee should understand that he is not obligated to restart the sales process unless there is reason to doubt whether a sale in accordance with the Agreement can be carried out expeditiously. Notwithstanding the Agreement, appointment of a trustee is warranted to ensure that in the event a sale pursuant to the Agreement does not occur expeditiously, a trustee is in a position to carry out the sales process without further delay.

## II.

## TRUSTEE PROPOSED BY THE UNITED STATES

The United States moves this Court to appoint Joseph G. Krauss, a partner at Hogan & Hartson LLP as Trustee. Prior to entering private practice, Mr. Krauss served for 11 years at the Federal Trade Commission ("FTC"). In his tenure at the FTC and in private practice, Mr. Krauss has had experience with antitrust consent decrees and the sale of divestiture assets. Mr. Krauss's professional biography is attached as Exhibit 2 to the Declaration of Lowell R. Stern. Mr. Krauss also can call upon substantial legal resources at his firm, Hogan & Hartson LLP and other professionals as needed to assist him in the performance of his duties. Mr. Krauss is well suited to take on the responsibilities of Trustee under the Final Judgment.

## III.

## CONCLUSION

For all of the foregoing reasons, the United States respectfully requests this Court to appoint Mr. Krauss as trustee pursuant to Section V of the Final Judgment.

Dated: August 6, 2007

Respectfully submitted,

*/s/ Lowell R. Stern*

LOWELL R. STERN
(D.C. Bar No. 440487)
Trial Attorney
United States Department of Justice
Antitrust Division
Litigation II Section
1401 H Street, N.W., Suite 3000
Washington, DC 20530
Telephone: (202) 307-0924
Facsimile: (202) 307-6283

## CERTIFICATE OF SERVICE

I hereby certify that on this ___6th___ day of August 2007, I caused a copy of the foregoing Memorandum of Points and Authorities in Support of Motion of the United States to Appoint Trustee to be mailed, by U.S. mail, postage prepaid, to the attorneys listed below:

_____
Lowell R. Stern

For Mittal Steel Company N.V.:

Mark Leddy, Esquire
Brian Byrne, Esquire
Jeremy J. Calsyn, Esquire
Cleary Gottlieb Steen & Hamilton LLP
2000 Pennsylvania Avenue, NW
Washington, D.C. 20006