UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:06CV1360-ESH |
| | ) | |
| MITTAL STEEL COMPANY N.V., | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |

## TRUSTEE'S FIRST REPORT PURSUANT TO FINAL JUDGMENT

Joseph G. Krauss ("Trustee"), having been appointed by the Court on August 7, 2007 pursuant to the Final Judgment entered May 23, 2007, submits the following report, as of September 19, 2007, pursuant to Article V(F) of the Final Judgment.

1. Trustee has reached an agreement with Defendant regarding the Trustee's compensation so as to avoid future proceedings before this Court regarding the reasonableness of Trustee's compensation and reimbursement. This agreement was reviewed and approved by the Plaintiff prior to its execution.

2. As of the date of Trustee's appointment, pursuant to Article IV(B) of the Final Judgment, Defendant had already reached an agreement with Bethlehem Acquisition Co. (a.k.a. E2 Acquisition Corp.) ("E2") to divest the Sparrows Point business to E2 (the "Divestiture") and pursuant to Article 4(J) of the Final Judgment, Defendant was in the process of seeking Plaintiff's approval of the Divestiture.

3. Following Trustee's appointment, Trustee has been in regular contact with both Defendant and E2 ("the Parties") in order to monitor the progress of the Divestiture.

4. Trustee has received and reviewed the proposed purchase agreement for the Divestiture and received a presentation by E2 relating to its proposal. Trustee also participated in a conference call between E2 and Plaintiff on August 9, 2007 and Trustee's colleague, who is assisting him with this matter, attended an in-person meeting between those same parties on August 14, 2007. The purpose of both of these meetings was to assist Plaintiff in making its determination as to whether to approve the Divestiture.

5. On September 5, 2007, Plaintiff notified Defendant in writing that it did not object to the proposed Divestiture to E2.

**REDACTED**

6. Trustee has since been in contact with both Defendant and E2 and believes that both parties are diligently seeking to complete the Divestiture as soon as practicable. The following issues remain outstanding and must be resolved prior to closing:

   a.



   b.



   c.



   d.         **REDACTED**



   e.



7.



8. Prior to submitting this report, Trustee has provided it to both Plaintiff and Defendant for review.

Dated: September 19, 2007                    Respectfully Submitted,

                                             _____
                                             Joseph G. Krauss, Trustee

- 2 -

\\\DC - 073522/000300 - 2602306 v1