PUBLIC VERSION

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 1:06CV1360-ESH |
| MITTAL STEEL COMPANY N.V., | ) |
| Defendant, | ) |

## TRUSTEE'S THIRD REPORT PURSUANT TO FINAL JUDGMENT

Joseph G. Krauss ("Trustee"), having been appointed by the Court on August 7, 2007 pursuant to the Final Judgment entered May 23, 2007, submits the following report, as of December 19, 2007, pursuant to Article V(F) of the Final Judgment.

1.  As detailed in Trustee's First Report Pursuant to Final Judgment as of September 18, 2007 ("First Report"), in accordance with the terms of Article IV(B) of the Final Judgment, Defendant had reached an agreement with Bethlehem Acquisition Co. (a.k.a. E2 Acquisition Corp.) ("E2") to divest the Sparrows Point business to E2 (the "E2 Agreement") and, pursuant to Article 4(J) of the Final Judgment, Plaintiff had notified Defendant in writing that it did not object to the E2 Agreement.

2.  As of the filing of the Trustee's Second Report Pursuant to Final Judgment as of November 2, 2007 ("Second Report"), both Defendant and E2 (the "Parties") had made significant progress toward closing and had scheduled a closing date of November 7, 2007.

3.

REDACTED

4.  On or around November 26, 2007, E2 notified Defendant and Trustee that there were problems with its equity financing that precluded closing by November, 30, 2007. E2 requested an extension of the date after which either party could terminate the agreement to December 10, 2007 (the "Extension Period"). Defendant expressed to Trustee that it supported the Extension Period. After consulting with Plaintiff, E2 and the USW, Trustee agreed with Defendant that the granting of the Extension Period was warranted.

5.  Notwithstanding the Extension Period, during the weeks of December 3, 2007 and December 10, 2007, Trustee began to prepare to market and sell the Sparrows Point business in the event that E2 would be unable to complete the purchase pursuant to the E2 Agreement. Trustee engaged corporate, real estate, environmental, labor and tax counsel and arranged a meeting between his counsel and Defendant's counsel to facilitate the transfer of information between Defendant and Trustee so that the sale of the Sparrows Point business could be accomplished as quickly and efficiently as possible. This meeting occurred on December 7, 2007.

6.  Trustee also arranged a meeting between his corporate counsel and Morgan Stanley, the investment bank who previously marketed the Sparrows Point business on behalf of Defendant. This meeting took place on December 13, 2007.

7.  On December 11, 2007, E2 notified Trustee that it had been not yet able to arrange financing to complete the purchase of the Sparrows Point business pursuant to the E2 Agreement. E2 informed Trustee that it was continuing to explore possible financing alternatives, including continuing discussions with one prospective investor. However, E2 advised that this investor would not be able to make a binding commitment until after it completed its due diligence, which E2 expected would take several weeks.

8.  In light of these developments, Trustee determined that the course of action that would best facilitate an effective and efficient divestiture of the Sparrows Point business would be to terminate the E2 agreement. Consequently, on December 14, 2007, Trustee instructed the Defendant to terminate the E2 agreement and Defendant did so by letter dated December 16, 2007.

9.  Trustee will now work diligently to market and sell the Sparrows Point business. Pursuant to the Final Judgment, Trustee will endeavor to identify a buyer acceptable to Plaintiff as soon as possible and at the best price and terms reasonably obtainable.

10. Prior to submitting this report, Trustee has provided it to both Plaintiff and Defendant for review.

Dated: December 19, 2007

Respectfully Submitted,

Joseph G. Krauss, Trustee