**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| _____ | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:06CV1360-ESH |
| | ) | PUBLIC VERSION |
| MITTAL STEEL COMPANY N.V., | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |
| _____ | ) | |

**TRUSTEE'S FIFTH REPORT PURSUANT TO FINAL JUDGMENT**

Joseph G. Krauss ("Trustee"), having been appointed by the Court on August 7, 2007 pursuant to the Final Judgment entered May 23, 2007, submits the following report, as of March 24, 2007, pursuant to Article V(F) of the Final Judgment.

1.    Since the date of the Trustee's last report, Trustee has been working diligently to market and sell the Sparrows Point business and identify a buyer acceptable to Plaintiff as soon as possible and at the best price and terms reasonably obtainable.  Toward this end, the Trustee has taken the following steps to market and sell the Sparrows Point business:

   a)  Between January 30, 2008 and February 15, 2008, the Trustee, his legal counsel and Morgan Stanley, the investment bankers he has engaged, continued discussions with entities that had expressed an interest in acquiring Sparrows Point, including scheduling site visits, providing access to the data room, and answering any follow-up questions provided by prospective bidders.

   b)  Trustee and his legal counsel have continued discussions with representatives of the United Steel Workers ("USW") on a weekly basis to provide an update on the sales process and to answer any questions on the sales process.

2.    Under the schedule previously established by the Trustee, written offers were due on February 15, 2008.  Offer were received by that date from the following companies:

**REDACTED**

- 2 -

3.      Once these bids and indications of interest were received, Trustee and his legal counsel continued due diligence with each of these interested parties with the intention to enter into a definitive agreement with the winning bidder by March 7, 2008.  Each interested party was advised that all final bids were to be submitted by noon on March 4, 2008.  On March 1, 2008, Defendant provided each of these parties with revised financial projections for the Sparrows Point business for 2008.  At that time, Defendant requested that Trustee extend the deadline for the submission of final bids in order to allow parties to analyze the revised financial projections. Defendant also made its personnel available to interested parties to answer any questions regarding these revised projections.  In light of this development, Trustee determined that the deadline for final bids should be extended to noon on March 7, 2008.

4.      Notwithstanding the original schedule outlined by Trustee that called for interested parties to make bids by February 15, 2008, two additional entities contacted Trustee (or his representatives) after that date and expressed an interest in the acquisition of Sparrows Point (all dates in 2008):

**REDACTED**

5.      On March 7, 2008, final bids were received from the following parties:

**REDACTED**

6.      Following receipt of these final bids, Trustee and his representatives had numerous discussions with each of the bidders.  On March 10, 2008, the Trustee entered into an agreement with Severstal to continue negotiations toward a definitive agreement on an exclusive basis.  The exclusivity period expired at 11:59 p.m. on March 19, 2008.

7.      **REDACTED**  Just prior to the expiration of the exclusivity period, Trustee reached an agreement in principle on all material terms to sell the Sparrows Point Business to Severstal for $810,000,000 in cash, subject to adjustments.  In order to provide time for the parties to finalize the details of a formal agreement, Trustee agreed to extend the exclusivity period until 5:00 p.m. on March 20, 2008.

8.      Trustee formally notified Plaintiff and Defendant of the proposed divestiture on March 24, 2008.  Defendant has not yet signed the agreement, but has indicated that its Board of Directors is considering doing so.  Provided that Plaintiff does not object to the proposed divestiture, the parties are required to close by May 15, 2008.  The agreement provides for very limited circumstances in which closing may be delayed, most notably if the Committee on Foreign Investment in the United States has not concluded its review of the transaction or has determined that the transaction raises issues of national security concern.

9.      On March 20, 2008, Trustee and the United Steelworkers ("USW") executed a Memorandum of Understanding ("MOU") resolving issues between  Defendant and USW resulting from the sale of Sparrows Point.  Defendant has broadly agreed to the terms of the MOU, but has not yet signed it.

10.     Prior to submitting this report, Trustee has provided it to both Plaintiff and Defendant for review.

Dated: March 24, 2008                                      Respectfully Submitted,


                                                          Joseph G. Krauss /s/
                                                          Joseph G. Krauss, Trustee