PUBLIC VERSION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| v. ) | Civil Action No. 1:06CV1360-ESH |
| ) | UNDER SEAL |
| MITTAL STEEL COMPANY N.V., ) | |
| Defendant, ) | |

## TRUSTEE'S FINAL REPORT PURSUANT TO FINAL JUDGMENT

Joseph G. Krauss ("Trustee"), having been appointed by the Court on August 7, 2007 pursuant to the Final Judgment entered May 23, 2007, submits the following final report, pursuant to Article V(F) of the Final Judgment ("Final Report").

1. Trustee was appointed pursuant to an Order of this Court entered in this proceeding on August 8, 2007. The appointment was extended by Order of this Court entered on February 6, 2008. This Final Report is submitted to advise the Court of the divestiture of the Sparrows Point Business as required by the Final Judgment and to provide the final accounting to the Court and parties to the Final Judgment.

2. On March 20, 2008, Trustee reached an agreement with Severstal North America, Inc. ("Severstal") to sell the Sparrows Point Business to Severstal for $810,000,000 in cash, subject to adjustments. A Sales and Purchase Agreement ("SPA") was signed by Trustee and Severstal on that same date. The SPA required that closing take place on or before May 14, 2008.

3. Pursuant to the Notice Requirement of Article VI of the Final Judgment, Trustee formally notified Plaintiff and Defendant of the proposed divestiture on March 24, 2008. Plaintiff notified Trustee and Defendant on April 15, 2008, that it did not object to the proposed divestiture.

4. On March 28, 2008, Trustee, Defendant and Severstal formally notified the Committee on Foreign Investment in the United States ("CFIUS") of the transaction and on April 30, 2008, received formal notification that CFIUS had determined that the transaction raised no unresolved security concerns and that it had concluded its review.

5.    Trustee, Defendant and Severstal made all other necessary filings or notices required to accomplish the divestiture and received all necessary clearances or consents.

6.

**REDACTED**

7.    By agreement between Trustee and Defendant and notice to Plaintiff, the outstanding fees and expenses paid by Trustee included an advance payment to the Trustee of $75,000, which represents an estimate of Trustee's yet-to-be-billed and future fees and expenses. A relatively small amount of Trustee's fees and expenses were incurred immediately prior to and subsequent to the closing that were not compensated for at closing. Trustee and Defendant have agreed that any additional fees or expenses, or a refund of fees and expenses paid in advance, will be paid subsequent to this Court discharging Trustee from the duties imposed by the Final Judgment.

8.    Trustee notified Plaintiff of the closing of the sale and of the disbursement of sales proceeds on May 7, 2008.

9.    Trustee has maintained full records of all efforts made to divest the Sparrows Point Business.

10.    Trustee submits that the duties imposed upon Trustee by and pursuant to the Final Judgment have been performed, that the divestiture of the Sparrows Point Business has been accomplished, that the agreed upon Trustee compensation has been fully paid, that the purchase price for the Sparrows Point Business net of Trustee compensation and expenses has been paid to Defendant, and that it is appropriate that this Court discharge Trustee from the duties imposed by the Final Judgment.

11.    Prior to submitting this report, Trustee has provided it to both Plaintiff and Defendant for review.

Dated: May 21, 2008                                    Respectfully Submitted,

                                                                         _____
                                                                         Joseph G. Krauss, Trustee